LAWSON, J.,
concurring specially.
I fully concur in the majority’s decision to affirm Okafor’s conviction. I have also elected to concur in the majority’s decision to vacate Okafor’s death sentence now that the United States Supreme Court has denied certiorari in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. —, 137 S.Ct. 2161, 198 L.Ed.2d 246, *776 2017 WL 635999 (2017). Although I continue to view this Court’s decision in Hurst as misguided for the reasons expressed in Justice Canady’s Hurst dissent, see Hurst, 202 So.3d at 77-83 (Canady, J„ dissenting), the Supreme Court’s denial of certiorari renders Hurst final, solidifying it as this Court’s precedent.
While I recognize that I am not necessarily bound by our precedent and could continue to dissent and express my disagreement, my duty is to faithfully apply Florida law to the issues raised by those litigants whose sole state court appeal right is in our Court. At this point, Hurst is the law in Florida—whether I agree with it or not—and issues governed by our Hurst precedent will continue to be decided by our Court in pending death penalty proceedings for at least several more months. Accordingly, I concur in the decision to grant Hurst relief because that is what a faithful application of now-settled Florida law requires in this case.